IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLESTON IMMERSIVE/INTERACTIVE STUDIO LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>ANDREW AYDIN,<br><br>*Defendant.* | Civ. Action No. 1:24-cv-4943-PAE |

**DEFENDANT'S MOTION TO TEMPORARILY SEAL ITS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Pursuant to the Court's Individual Rule 4.B.2., Defendant Andrew Aydin moves the Court to temporarily seal its *Ex Parte* Motion to Seal and Temporary Restraining Order, accompanying affidavit, and proposed order until such time as the Court rules on the motion. The Southern District of New York has a presumption favoring public access to judicial records. *Bernstein v. Bernstein Litowitz Berger & Grossman*, 814 F.3d 132, 141 (2nd Cir. 2016). However, access to judicial records is not unlimited. *U.S. v. Amedeo*, 44 F.3d 141, 146 (2nd Cir. 1995). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary to preserve higher values and (2) is narrowly tailored to serve that interest. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2nd Cir. 2006). "Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, or preservation of attorney-client privilege. *Lugosch*, 435 F.3d at

125; *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). A sealing request is narrowly tailored when it sees to seal only that information that needs to be sealed in order to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 U.S. Dist. LEXIS 151075 at *4 (S.D.N.Y. Aug. 11, 2021).

  As explained in Plaintiff's ex parte Motion to Seal and Temporary Restraining Order, Plaintiff and its counsel's actions in both this case and the arbitration from which this case flows have placed at risk confidential information, including attorney-client privileged information. Further, there is a risk that should the details of defendant's motion be known prior to the Court's ruling on the motion, that the motion could be mooted. In addition, Defendant's request is extremely narrowly tailored. Defendant seeks to seal its ex parte motion solely until the Court rules, which Defendant has requested be done by July 15 at noon. Defendants submit that such a time-limited request is narrowly tailored. As such, Defendant's motion to seal should be granted.

  Wherefore, Defendant respectfully requests that the Court enter an Order granting Plaintiff's motion to file its *Ex Parte* Motion to Seal and Temporary Restraining Order, accompanying affidavit, and proposed order under temporary seal, until such time as the Court rules on the motion.

Dated: July 12, 2024

*/s/ Christopher L. May*
Christopher L. May (Bar No. CM2750)
DEVLIN LAW FIRM LLC
Tel: 302-449-9010
Fax: 302-353-4251
cmay@devlinlawfirm.com
rwilliams@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington DE 19806
*Counsel for Respondent Andrew Aydin*