IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLESTON IMMERSIVE/INTERACTIVE STUDIO LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> ANDREW AYDIN, <br><br> *Defendant.* | Civ. Action No. 1:24-cv-4943-PAE |

**DEFENDANT'S MOTION TO SEAL EXHIBIT 10 OF THE AFFIDAVIT OF CHRISTOPHER L. MAY IN SUPPORT OF DEFENDANT'S *EX PARTE* MOTION TO SEAL AND TEMPORARY RESTRAINING ORDER**

Pursuant to the Court's Individual Rule 4.B.2., Defendant Andrew Aydin moves the Court to be permitted to file Exhibit 10 of the Affidavit of Christopher L. May in Support of Defendant's *Ex Parte* Motion to Seal and Temporary Restraining Order ("Affidavit") under seal. The Southern District of New York has a presumption favoring public access to judicial records. *Bernstein v. Bernstein Litowitz Berger & Grossman*, 814 F.3d 132, 141 (2nd Cir. 2016). However, access to judicial records is not unlimited. *U.S. v. Amedeo*, 44 F.3d 141, 146 (2nd Cir. 1995). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary to preserve higher values and (2) is narrowly tailored to serve that interest. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2nd Cir. 2006). "Higher values" the preservation of which might warrant sealing

include personal privacy interests, public safety, or preservation of attorney-client privilege. *Lugosch*, 435 F.3d at 125; *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). A sealing request is narrowly tailored when it sees to seal only that information that needs to be sealed in order to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 U.S. Dist. LEXIS 151075 at *4 (S.D.N.Y. Aug. 11, 2021).

Exhibit 10 of the Affidavit contains a July 23, 2023 letter from Mr. David Olasov, Plaintiff's counsel in this case, to Mr. Mark Morril, the arbitrator in a case between Plaintiff and Defendant. In that letter, Mr. Olasov divulged the substance of an attorney-client privileged communication between Defendant and his attorney, despite knowing that Defendant considered the communication privileged. The arbitrator subsequently ruled that the communication was privileged, and ordered Plaintiff to make no use of the information and destroy the document. *See* Affidavit, ¶¶ 15, 20-24.

Where a judicial record contains attorney-client privileged information, and that privileged has not been waived by the holding party, courts have found that higher values are implicated, and placing the privileged material under seal is justified. *Lugosch*, 435 F.3d at 119; *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160-161 (collecting cases). Here, there is no doubt that the information in the document at issue has already been determined to be privileged, and therefore the Court should find this factor to be met.

In addition, Defendant's request is extremely narrowly tailored. Defendant seeks solely to seal one exhibit of nineteen in Plaintiff's affidavit, which as stated above contains an extensive description of privileged material. Courts have found such redactions to be narrowly tailored. *Leonard v. John Hancock Life Ins. Co.*, 2020 U.S. Dist. LEXIS 57129 (S.D.N.Y. Mar. 31, 2020) (granting motion to seal where "redactions are no broader than necessary to protect the

compelling interests at stake); *J.L. v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 13609 at *8 (granting motion to seal where documents from which information was derived were subject to clawback agreement). As such, Defendant's motion to seal should be granted.

Plaintiffs have filed herewith a public copy of Exhibit 10 with the proposed redactions, and a sealed copy of Exhibit 10 with the proposed redactions highlighted.

Wherefore, Defendant respectfully requests that the Court enter an Order granting Plaintiff's motion to file Exhibit 10 under seal.

Dated: July 12, 2024

*/s/ Christopher L. May*
Christopher L. May (Bar No. CM2750)
Robyn Williams
DEVLIN LAW FIRM LLC
Tel: 302-449-9010
Fax: 302-353-4251
cmay@devlinlawfirm.com
rwilliams@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington DE 19806

*Counsel for Respondent Andrew Aydin*